IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | | |
|---|---|---|
| Joy Grimm Bauer, | ) | Civil Action No.  2:10-3142- DCN-BM |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| King Street Grille-Fresh Fields, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action was filed by the Plaintiff asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.  Plaintiff is a former employee of the named Defendant.

A Scheduling Order was entered in the case on January 7, 2011.  On June 7, 2011, the Defendant filed a motion to compel the Plaintiff to respond to Defendant's outstanding discovery requests, to which it had never received responses.  No opposition to the Defendant's motion was filed, and the motion to compel was granted on June 27, 2011.  Plaintiff was to submit proper responses to the Defendant's discovery requests within ten (10) days of the date of that order. Thereafter, on July 7, 2011, Plaintiff's attorney filed a motion to withdraw as counsel, stating therein that Plaintiff's counsel was unable to respond to the Defendant's discovery requests because "Plaintiff [had] failed to provide . . . counsel with the requested information needed to answer written discovery, . . . failed to keep her attorney updated with her current telephone numbers,



address and email address where she could be reached, and [had] failed to respond to correspondence from her attorney's office regarding the said discovery responses." Plaintiff's counsel further stated in his motion that he had "lost all contact with Plaintiff and, as a result, [was] unable to represent the Plaintiff in this matter." See Motion, with attached Affidavit.

On instruction from the Court, Plaintiff's counsel served his motion on the Plaintiff at her last known address by certified mail. Counsel's motion was returned with the notation "Return to Sender - Unclaimed - Unable to Forward". Accordingly, in an Order filed this date, the undersigned has granted Plaintiff's counsel's motion to be relieved in this case. Further, based on the foregoing, it appears to the Court that Plaintiff had abandoned this action, and that this case should therefore be dismissed.

The Clerk is directed to mail a copy of this Report and Recommendation to the Plaintiff at her last known address. **If Plaintiff wishes to continue with this action, she is directed to contact the Court in writing within the time period for filing objections to this Report and Recommendation, notifying the Court of her intention to continue to pursue this case**. If Plaintiff contacts the Court as instructed herein, the Clerk is directed to **vacate** this Report and Recommendation and return the file to the undersigned for further handling. If, however, Plaintiff fails to contact the Court and indicate her intention to continue to proceed with her claims, **it is recommended that this action be dismissed with prejudice for lack of prosecution**.[1] See Rule

---

[1]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the Plaintiff's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990).



41(b) Fed.R.Civ.P.; <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 29, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).